

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ANDRE MORROW LACKNER, <br> Defendant. | Case No.  CR 22-00603-DSF <br><br> ORDER OF DETENTION |

I.

On December 21, 2022, Defendant made his initial appearance on the indictment filed in this matter. Deputy Federal Public Defender Carel Ale was appointed to represent Defendant. The government was represented by Assistant United States Attorney Elizabeth Douglas. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ allegations in the indictment include threats to harm others and himself, which, when coupled with history of making threats and related conduct, strongly suggest an unwillingness to abide by any court ordered conditions of release

☒ prior violation of court ordered supervision

As to danger to the community:

☒ allegations in the indictment and nature and circumstances of alleged offense – involving threats to conduct mass shootings and direct threats to specific victims made repeatedly by text message.

☒ criminal history includes prior (misdemeanor) conviction for making threats for which Defendant violated terms of court ordered supervision

☒ pattern of conduct involving threats to commit mass shootings, including by text messages and on line posting and continuing to do so even after being admonished by law enforcement; attempting to circumvent prohibition on obtaining firearms in California by making inquiries about how to obtain firearm illegally from another state and viewing layout of cruise ship for and in anticipation of mass shooting.

☒ history of mental health issues including commission of alleged offense while receiving mental health counseling.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 21, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE