E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 322505)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5748
     Facsimile: (213) 894-0141
     E-mail:    Amanda.Elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00603-DSF |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT ANDRE MORROW LACKNER'S RULE 11 PLEA |
| v. | |
| ANDRE MORROW LACKNER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Amanda Elbogen, and defendant ANDRE MORROW LACKNER ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Lisa LaBarre, hereby submit this joint statement regarding defendant's Rule 11 plea.

### GUILTY PLEA

1. Defendant is pleading guilty to the single-count indictment in United States v. Andre Morrow Lackner, No. CR 2:22-00603-DSF,

which charges defendant with Stalking in violation of 18 U.S.C. § 2261A(2)(A),(B), and § 2261(b)(5).

## NATURE OF THE OFFENSES

2.   For defendant to be guilty of the crime charged in the single-count indictment, that is, Stalking, in violation of Title 18, United States Code, Sections 2261A(2)(A),(B) and 2261(b)(5), the following must be true: (1) The defendant, with the intent to harass or intimidate another person, (2) Used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; (3) To engage in a course of conduct that (A) placed that person in reasonable fear of the death of or serious bodily injury to a person or an immediate family member/spouse/intimate partner of that person, or (B) caused, attempted to cause, or would reasonably be expected to cause, substantial emotional distress to that person, or an immediate family member of that person, or a spouse or intimate partner of that person.

## PENALTIES

3.   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2261A(2)(A),(B) and 2261(b)(5), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

4.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  If defendant violates one or more of

the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. The conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

6. If defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. While there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Unexpected immigration

consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

7. If this case were to proceed to trial, the government would be prepared to prove the following facts beyond a reasonable doubt:

Beginning in or around June 2021, and continuing to at least on or about October 17, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant, with the intent to harass and intimidate Victim 1, used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, cellular telephone networks, email, interstate wires, and the Internet, to engage in a course of conduct that placed Victim 1 in reasonable fear of death and serious bodily injury to herself or an immediate family member, and caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Victim 1 and immediate family members of Victim 1.

8. Defendant's course of conduct included, among other things, the following:

   a. On or about June 13, 2021, defendant sent the following text messages to Victim 1, which stated:

   *Sometimes I wonder if The World is trying to turn me into a murderer*

   *So since everyone cuts me off and treats me like they don't exist, maybe I am meant to give this world a message no one is able to ignore*

   *I feel like the only choice in life left, after I lose my mom, is to either shoot myself or take a lot of people with me because I'll never have friends again.*

4

b. Also on or about June 13, 2021, after Victim 1 sent defendant messages encouraging him to seek help, and indicating that if she received any similar messages from defendant going forward, she would report them out of concern for defendant's safety and the safety of those around him, defendant sent Victim 1 the following text messages, which stated:

> *Well I am being watched and have gotten the legal trouble before, so being report would probably result in jail time for me*
>
> *But knowing you are this eager to get me thrown in the slammer, just reinforces my belief that people hate me*

c. On or about August 14, 2021, after Victim 1 rejected defendant's request to meet up in person, defendant sent Victim 1 several text messages to which Victim 1 did not respond, including the following:

> *. . . you're not the only Jew friend that's been fake to me and cut me off . . . . Not everyone can live up to Jewish standards because we don't have the same cultural background or advantages in society.*
>
> *Delete my number and block me. Fuck pen pal bullshit. Hit me up for the threesome if u change ur mind. peace [peace emoji]*

d. On or about October 31, 2021, defendant sent numerous text messages to Victim 1 to which Victim 1 did not respond, including the following:

> *All the kikes cut me off. The Jew has no tolerance towards other people that don't have the similar upbringing as them.*
>
> *The Jews love gravitating towards black entertainers so they can use them with their own selfish intentions, even if it's just to be entertained. But at the end of the day these parasites are only pursuing Zionist and Jewish interests*

5

> *The Asians are even worse, we need to start more Asian hate and wipe these alien gooks off the planet too*
>
> *Chinks and kikes are the only true protected groups. You can say whatever you want about niggers and wetbacks nobody cares, but dare speak up about chang or shalom and youre cancelled*
>
> *I'm tired of kikes putting me down all the time. Maybe Hitler was on to something. You guys pretend to be multicultural so you can get more power, you masquerade as people of color but at the end of the day you were only concerned about jews, just like the groups who claim to be people of color that once they get into a favorable position they immediately discriminate against other minorities*
>
> *I honestly wish I never went to Smc and didn't have to be around the sheltered Jews that grew up with easy and safe lives, I should've stayed with my own ghetto trash nigger kind.  The Jews and Chinks own everything in LA and I will never be accepted by them, The Jews and Chinks own all the digital platforms where they spread hate speech and censor black people. Facey non-Jews as objects to be used. They must go.*
>
> *And I wish these anne franks would stop fetishizing black men and seeing us as sexual objects, because at the end of the day you will never marry outside of Jewish anyway*

      e.   On or about January 22, 2022, defendant sent three text messages to Victim 1 to which Victim 1 did not respond, stating:

> *I wish I could walk all these kikes to the gas chamber myself*
>
> *Why do the Hebrew think that just because money is involved they have the right to be arrogant nasty and disrespectful towards everyone else in the workplace? I realize I don't hate white people as much as the Jews, it's the Jews that have been extremely rude and down pudding [sic]. You guys think you are better than everyone else and talk down to everyone. You have zero tolerance towards anyone who doesn't fit your cultural standards. That's why you need to be walked back to the gas chamber where you belong.*
>
> *And you pretend to be anti-racist because you know that you are a minority yourself, but I see through your bullshit, and I want to see every single Jew exterminated from this earth*

    f. On or about March 7, 2022, defendant sent the following text message to Victim 1, to which Victim 1 did not respond:

> *Remember, Hitler was right about the kikes.*

    g. On or about March 8, 2022, defendant sent the following text message to Victim 1, to which Victim 1 did not respond:

> *Hey Jude*

    h. On or about August 7, 2022, defendant sent the following text messages to Victim 1, to which Victim 1 did not respond:

> *Would you like to celebrate the next synagogue shooting?*
>
> *I used to hate white people until I realize the people who have been nasty in disrespectful To me all these years weren't white, they were Jewish. I sympathize more with neo-Nazis now because I understand that they were right*

    i. On or about October 17, 2022, defendant sent the following email to Victim 1, to which Victim 1 did not respond:

> *The more I learn about Jews and realize most of the disrespect, mistreatment, racism, and humiliation I received in my life wasn't from whites, but from Jews. I mistook you as the same race and realized it's the Jews who have caused most of the problems in my life and in the world today. You see us black people as your pets, your cattle to fetishize. That's why you had no problem putting me down for being poor and growing up in the ghetto Putting me down for not having a privileged Jew job. Putting me down for not growing up on the westside and have all society cater to me for being Jewish.*
>
> *Hitler was right about you people. The holocaust never happened. And if it did, you deserved it.*
>
> *I will make sure I kill a Jew before I leave this earth.*

7

## SENTENCING FACTORS

9. In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory only. Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range. After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

## WAIVER OF CONSTITUTIONAL RIGHTS

10. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: January 24, 2024   Respectfully submitted,

           E. MARTIN ESTRADA
           United States Attorney

           CAMERON L. SCHROEDER
           Assistant United States Attorney
           Chief, National Security Division

             */s/*
           AMANDA B. ELBOGEN
           Assistant United States Attorneys

           Attorneys for Plaintiff
           UNITED STATES OF AMERICA

Dated: January 24, 2024   CUAUHTEMOC ORTEGA
           Federal Public Defender

            */s/ per email authorization*
           LISA LABARRE
           Deputy Federal Public Defender

           Attorneys for Defendant
           ANDRE MORROW LACKNER